IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**BILLY D. COOPER,**

    Petitioner,

v.                                                               Civil Action No. 5:13cv77
                                                                  Judge Stamp

**TERRY O'BRIEN, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On June 24, 2013, Billy D. Cooper ("Cooper"), the *pro se* petitioner, an inmate at USP Hazelton in Bruceton Mills, West Virginia, filed a petition under 28 U.S.C. § 2241, challenging his convictions and sentence. Along with his petition, he filed a motion to proceed as a pauper and a copy of his Prisoner Trust Account Report. By Order entered July 9, 2013, petitioner was granted leave to proceed as a pauper, but was directed to pay the $5.00 filing fee. He paid the required fee on July 18, 2013.

This matter, which is before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §1915 and LR PL 2, is ripe for review.

### I. Factual and Procedural History

Petitioner brings this habeas corpus action after being convicted and sentenced to life imprisonment by the Southern District of Mississippi for numerous violations of federal law related to a double homicide.

On the evening of April 13, 1999, Cooper and a co-defendant carjacked and then killed a man and woman in Jones County, Mississippi; they then buried the victims' bodies in an oilfield in Jasper County, Mississippi. The next day, the two drove the victims' vehicle to New Orleans, Louisiana, where they burned it. The bodies were eventually discovered by law enforcement officials, with the hands severed from one of the bodies and the hands and head severed from the other.

Cooper was indicted and on April 30, 2002, after a 14-day jury trial, was found guilty of Count One: conspiracy to commit: carjacking in violation of 18 U.S.C. § 2119(3), use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and transportation of a stolen vehicle in interstate commerce, in violation of 18 U.S.C. § 2312, all in violation of 18 U.S.C. § 371; Count Two: carjacking in violation of 18 U.S.C. §§ 2119(3) and 2; Count Three: use of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2; Count Four: transportation of a stolen vehicle in interstate commerce in violation of 18 U.S.C. §§ 2312 and 2; and Count Five: being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Because the carjacking resulted in the victims' deaths, petitioner was eligible for the death penalty under §2119(3). However, after considering whether the death penalty should be imposed on Count Two, the jury declined to do so. Accordingly, on July 29, 2002, petitioner was sentenced to life imprisonment without the possibility of parole on Count Two; ten years on Count Three (to run consecutive with the sentence imposed on Counts One, Two and Four); fifty-seven months on Counts One and Four (to run concurrent with one another, but consecutive with the sentence imposed on Counts Two and Three); three years of supervised release on Count One and Four; five years of supervised release on Count Three (to run concurrent with the sentence imposed on Count One and Four); a $3,000 fine; and a $300 special assessment.[1]

On July 17, 2003, the United States Court of Appeals for the Fifth Circuit upheld Cooper's conviction. Cooper then filed a petition for writ of *certiorari* with the Supreme Court of the United States, which was denied on November 2, 2004.

Petitioner filed his first 28 U.S.C. §2255 Motion to Vacate in the sentencing court on September 30, 2005, asserting numerous claims of ineffective assistance of counsel and two due

---

[1] The summary of petitioner's underlying criminal offenses was obtained from the July 24, 2006 Opinion and Order denying his first §2255 motion. (S.D. Miss. Dkt.# 420) (4:01cr8).

process violation claims. The §2255 motion was denied on July 24, 2006. His motion to the Fifth Circuit Court of Appeals for a certificate of appealability was denied.

On October 19, 2012, petitioner moved to reopen his §2255 motion; by Order entered November 13, 2012, the motion was construed as a successive motion for relief under 28 U.S.C. §2255 and denied.

On January 29, 2013, petitioner filed a Motion Appealing Constitutionally Invalid Sentence in the sentencing court. By Order entered on February 11, 2013, the motion was transferred to the Fifth Circuit Court of Appeals for consideration, where it was closed on March 11, 2013, after being construed as a successive §2255 motion for relief.

On March 22, 2013, the petitioner filed a motion to amend his first §2255 petition in the sentencing court. By Order entered on April 11, 2013, the motion was denied and construed as a successive §2255 motion for relief; a certificate of appealability was denied.

On November 21, 2013, petitioner filed yet another §2255 motion in the sentencing court; by Order entered December 23, 2013, the petition was denied for lack of jurisdiction, because it was a successive motion that had not been certified by the Fifth Circuit Court of Appeals.

## II. Claims Raised by the Petitioner

Petitioner attacks the validity of his convictions and sentence, asserting eight grounds for relief:

1) his due process and equal protection rights, as well as his 4th Amendment right to be free from "unreasonable seizure" were violated when the arresting officers failed to provide him with a Gerstein[2] hearing within the requisite 48 hours after his warrantless arrest;

2) arresting officers violated his substantial rights by denying him access to a phone to contact his family or a lawyer after he was arrested;

3) there was no probable cause for the traffic stop of petitioner's vehicle, incident to his arrest; and

---

[2] Gerstein v. Pugh, 420 U.S. 103 (1975)(mandating that a person arrested without a warrant and held by the police must be given a preliminary hearing to determine if there is probable cause that they committed the offense).

3

4) petitioner's convictions and sentence are constitutionally invalid, because the court failed to properly instruct the jury on 18 U.S.C. §2119(3).

5) There was arbitrary and capricious conduct by State and Federal actors, incident to petitioner's arrest, detainment, interrogation, confession, evidentiary issues, and his speedy trial rights;

6) trial counsel provided ineffective assistance;

7) appellate counsel provided ineffective assistance; and

8) at the time the victims' vehicle was driven "from Mississippi into Louisiana, it was not part of an interstate shipment of freight."

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that he "was never furnished with the necessary transcripts. . . needed to support his claims . . . [he] can barely read and was not assisted by a competent legal professional or aid, and seeking aid in these prior and present post-conviction proceedings has been my downfall." (Dkt.# 1 at 9).

As relief, he requests that this Court: 1) "vacate his convictions and sentence for the violations of his constitutional rights while he was in the state and federal custody;" 2) provide him with an evidentiary hearing as to the facts stated in the petition; 3) and afford him any and all relief under the Constitution, including a court-appointed attorney.

### III. Analysis

Petitioner argues that he is entitled to relief under § 2241 because § 2255 is an inadequate or ineffective remedy.

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is

4

seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[8]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead he is challenging the legality of his convictions and the imposition of his sentence. In particular, he alleges that multiple constitutional violations were committed by various actors during his arrest and prosecution, thus invalidating his convictions.

Although the petitioner raises the savings clause, it is clear that he is not entitled to its application.[3] In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. § 2119(3); 18 U.S.C. § 924(c); 18 U.S.C. § 2312; 18 U.S.C. § 371; 18 U.S.C. §§ 2119(3) and 2; 18 U.S.C. §§ 924(c) and 2; 18 U.S.C. §§ 2312 and 2; and 18 U.S.C. §§

---

[8] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[3] Indeed, petitioner admits that there "has been no new change in law and no [new] evidence has been discovered[.]" Dkt.# 1 at 9.

922(g)(1) and 924(a)(2) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Finally, even assuming petitioner's claims were timely, which they are not,[4] because petitioner was not sentenced in this District, this Court is without jurisdiction to decide his claims.[5] Assuming that petitioner had properly filed this case in the correct venue, because he did not first obtain authorization to file a successive federal habeas petition from the Fifth Circuit Court of Appeals, that court would likewise be without authority to hear this case.[6]

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

Within **fourteen (14) days** after being served with a copy of this recommendation, **or by February 5, 2014,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v.

---

[4] Petitioner is well outside of the one year statute of limitations for timely filing a §2255 motion, prescribed by 28 U.S.C. §2255(3).

[5] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

[6] Pursuant to 28 U.S.C. §2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

<u>Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 22, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE