IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BILLY D. COOPER,

      Petitioner,

v.                                    Civil Action No. 5:13CV77
                                                    (STAMP)

TERRY O'BRIEN, Warden,

      Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING PETITIONER'S MOTION TO AMEND AS FUTILE,
AND OVERRULING PETITIONER'S SECOND SET
OF OBJECTIONS AS UNTIMELY**

I. Background

On June 24, 2013, Billy D. Cooper ("Cooper") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of a sentence imposed upon him in the United States District Court for the Southern District of Mississippi, following a 14-day jury trial in which the petitioner was found guilty of (1) carjacking in violation of 18 U.S.C. § 2119(3); (2) use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c); (3) transportation of a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312; (4) conspiracy to commit the crimes in (1) through (3) in

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

violation of 18 U.S.C. § 371; and (5) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Additionally, because the underlying carjacking resulted in the death of the two victims, the petitioner was eligible for the death penalty. However, the jury declined to sentence the petitioner to the death penalty and instead, petitioner was sentenced to life imprisonment without the possibility of parole for the carjacking; ten years of imprisonment for the use of a firearm in relation to a crime of violence, with five years of supervised release to follow; fifty-seven months of imprisonment for the conspiracy violations and the transportation of a stolen vehicle in interstate commerce violation, with three years of supervised release to follow; a $3,000.00 fine and a $300.00 special assessment.

Following his sentencing, the petitioner appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed the district court. A subsequent petition for a writ of certiorari to the United States Supreme Court was also denied.

Following the petition to the Supreme Court, the petitioner filed a motion under 28 U.S.C. § 2255 asserting multiple ineffective assistance of counsel claims and two due process violation claims. That petition was denied by the Southern District of Mississippi. A subsequent motion for a certificate of appealability to the Fifth Circuit was denied as well. The

petitioner then moved to reopen his § 2255 motion; the motion was construed as a successive motion for relief under 28 U.S.C. § 2255 and was denied.

The petitioner subsequently filed a motion appealing a constitutionally invalid sentence in the Southern District of Mississippi.  That motion was transferred to the Fifth Circuit for consideration but was closed after being construed as a successive motion for relief under 28 U.S.C. § 2255.  The petitioner filed a motion to amend that § 2255 petition in the Southern District of Mississippi, however, that motion was denied and also construed as a successive motion for relief under 28 U.S.C. § 2255.  A certificate of appealability from the district court was denied. Another § 2255 petition was filed by the petitioner shortly thereafter, however, the motion was denied by the Southern District of Mississippi district court for lack of jurisdiction because it, too was a successive motion that had not been certified by the Fifth Circuit.

The petitioner then filed the instant § 2241 petition, raising eight grounds for relief.  The petitioner sets forth several due process and ineffective assistance of counsel claims.  Further, the petitioner asserts that seeking a remedy by way of a § 2255 petition is inadequate or ineffective to test the legality of his detention.

3

This petition was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Seibert entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought. Further, the magistrate judge reported that even if the § 2241 relief was available through the savings clause of 18 U.S.C. § 2255, the petitioner cannot satisfy the Jones test and, therefore, is not entitled to the savings clause. In re Jones, 226 F.3d 328 (4th Cir. 2000). Finally, the magistrate judge directed the petitioner to file any objections to the recommendation within 14 days or by February 5, 2014.

The petitioner filed objections to the report and recommendation on February 10, 2014. In his objections, the petitioner first notes that the terminology he used in his petition was poorly chosen and led the magistrate judge to believe, wrongly, that he was seeking relief under § 2255 instead of under § 2241. Further, the petitioner reiterates his arguments from his petition but adds that this is a rightful § 2241 petition because the petitioner has shown that (1) he is in custody in violation of his constitutional rights, (2) his incarceration is the direct result of the violation of his constitutional rights because of his

4

unlawful arrest and the misrepresentation of facts by government officials, both state and federal; and (3) the execution of his convictions are the direct result of the unfair procedures used to incarcerate him.

The petitioner also attached to his first set of objections a motion to amend and an amendment to his § 2241 petition wherein he withdrew claims 4, 6, and 7. Those claims included (1) two claims of ineffective assistance of counsel, (2) a claim that at the time the victim's vehicle was driven from Mississippi to Louisiana it was not part of an interstate shipment of freight, and (3) a claim that the petitioner's convictions and sentence are constitutionally invalid because the jury instructions were improper. Further, he asserted that he will retain the rest of his claims. Additionally, the petitioner states that he would like to withdraw his general claim for relief (on page 12 of the accompanying memorandum to his petition) and instead asks that this Court "acknowledge that his liberty was arbitrarily and capriciously stripped from [him] and entitle [sic] him to immediate relief." Further, he asks that this Court add as a term of relief that his petition be granted.

The petitioner then filed a second set of objections on February 14, 2014 by letter to this Court.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed

and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed *de novo*.

## III. Discussion

A. Timeliness of Objections

In this case, the petitioner filed a first set of objections on February 10, 2014 and then a second set of objections on February 14, 2014. The petitioner's first set of objections would be deemed timely filed under the "prison mailbox rule." See 28 U.S.C. § 636(b)(1) (2000) (fourteen-day period in which to file objections commences upon service of report and recommendation); Houston v. Lack, 487 U.S. 266, 276 (1988) (prisoner's mail is deemed filed when prisoner delivers it to prison officials for mailing). This is assuming that the petitioner delivered the objections to prison officials for mailing on February 4, 2014, as those objections are dated by the petitioner.

The petitioner's second round of objections, however, were dated February 12, 2014 by the petitioner. The report and recommendation was entered by the magistrate judge on January 22,

2014 and a return receipt was dated January 23, 2014. Further, the report and recommendation directed the petitioner to file objections within 14 days or by February 5, 2014. Accordingly, even given the prison mail box rule, the petitioner's second round of objections are untimely and will not be considered by this Court.

B. <u>Consideration of § 2241 Petition</u>

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the validity of his sentence rather than the means of its execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The "savings clause" in § 2255 permits certain claims to be brought under § 2241. The magistrate judge, however, reported that the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy. Although the petitioner clearly asserted a claim under the savings clause in his petition, the magistrate judge found that the petitioner cannot rely upon it.

The petitioner argues in his objections that he is not challenging the imposition of his sentence but rather, is challenging the execution of his sentence. He asserts that the execution of his sentence is the direct result of the unfair procedures used against him and thus, this is truly a § 2241 petition that falls within the savings clause. Further, he attempts to remedy the petition by withdrawing some of his claims.

7

Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d 328.

In this case, the petitioner has failed to establish the elements required by Jones. The petitioner has not attempted to

satisfy the <u>Jones</u> test but continues to make the same claims as he has made in previous § 2255 petitions which have already been denied. The petitioner's objections are merely an attempt to use different wording to re-frame the same claims made in his original petition, claims which the magistrate judge found, and this Court now finds, are objecting to the imposition of the petitioner's sentence. The petitioner's motion to amend is also a futile attempt to remedy the fact that his § 2241 petition is actually a § 2255 petition in disguise. It appears to this Court that the petitioner's motion to amend is simply an attempt to withdraw claims he believes are traditionally asserted in a § 2255 petition. Moreover, all of petitioner's claims have been previously litigated, either in his direct appeal and/or in his previous § 2255 petitions.

Further, as the magistrate judge observed, all of the crimes the petitioner was found guilty of remain valid criminal offenses. Thus, even if it was not clear that the petitioner is attempting to mask his § 2255 claims under the guise of a § 2241 petition, the petitioner cannot meet the second element of <u>Jones</u> and is foreclosed from making an argument under the savings clause.

Finally, because the petitioner was sentenced in the Southern District of Mississippi and not the Northern District of West Virginia, this Court is without jurisdiction to decide his claims,

because pursuant to 28 U.S.C. § 2255(a), a § 2255 petition must be brought in the sentencing court.

## IV. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety. The petitioner's objections are hereby OVERRULED. Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Further, the petitioner's motion to amend at the end of his first set of objections to the magistrate judge's report and recommendation is DENIED as futile. The petitioner's second set of objections are OVERRULED as untimely.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 25, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE